IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Jason J. Kilborn,<br><br>   Plaintiff,<br><br> v.<br><br>Michael Amiridis, Caryn A. Bills, Julie M. Spanbauer, Donald Kamm, and Ashley Davidson, in their individual and official capacities,<br><br>   Defendants. | Case No.: 1:22-cv-00475<br><br>Judge John Z. Lee<br><br>Magistrate Judge Sheila M. Finnegan |

## INITIAL STATUS REPORT

Plaintiff, Jason Kilborn ("Plaintiff"), by his attorneys, Paul K. Vickrey, Patrick F. Solon, and Dylan M. Brown of Vitale, Vickrey, Niro, Solon & Gasey LLP, and Defendants Michael Amiridis, Caryn A. Bills, Julie M. Spanbauer, Donald Kamm, and Ashley Davidson ("Defendants") by their attorneys, John F. Kennedy, Elizabeth E. Babbitt, Paul J. Coogan, and Elizabeth A. Winkowski of Taft Stettinius & Hollister LLP, pursuant to Rule 26(f) and this Court's standing order on initial status reports, following a planning discussion among counsel, submit the following Initial Status Report:

**I. The Nature of the Case**

 A. Paul K. Vickrey (lead trial attorney), Patrick F. Solon, and Dylan M. Brown of Vitale, Vickrey, Niro, Solon & Gasey LLP are the attorneys for Plaintiff.

  John F. Kennedy (lead trial attorney) and Elizabeth E. Babbitt, Paul J. Coogan, and Elizabeth A. Winkowski of Taft Stettinius & Hollister LLP are the attorneys for Defendants.

 B. Pursuant to the allegations of the Amended Complaint, the Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over the common law claims under 28 U.S.C. § 1367.

C.     Plaintiff alleges in his Amended Complaint (Dkt. 9) six counts against Defendants in their individual and official capacities: (I) violation of the First and Fourteenth Amendments of the U.S. Constitution by allegedly "punishing" Plaintiff for speech and "compelling him to adopt speech with which he disagrees," (*Id.* ¶ 60); (II) violation of the University of Illinois Statutes; (III) violation of the Fifth and Fourteenth Amendments of the U.S. Constitution by allegedly violating Plaintiff's rights to due process; (IV) defamation *per se*; (V) false light; and (VI) intentional infliction of emotional distress.

D.     As to the major legal and factual issues in this case:

According to Plaintiff: Whether Plaintiff's Amended Complaint has adequately pled the six causes of action referenced above.

According to Defendants: The factual and legal issues presented by this case may be resolved by a Rule 12 motion. To the extent any Defendant acted in his or her official capacity on behalf of the State of Illinois, each Defendant should be protected against such claims through Eleventh Amendment sovereign immunity and/or statutory sovereign immunity, 745 ILCS 5/1. Defendants should also be entitled to qualified immunity to avoid liability for certain claims brought against them in their individual capacities. Defendants further maintain that Plaintiff has failed to articulate a claim upon which relief may be granted, as he cannot and does not allege the elements sufficient to support violations of his First Amendment rights, his due process rights, defamation *per se*, false light, and certainly cannot satisfy the "extreme and outrageous" pleading requirement to assert a claim for intentional infliction of emotional distress. Furthermore, Plaintiff seeks relief that Defendants cannot provide as a matter of law, including certain forms of injunctive or declaratory relief. Defendants are not liable and no damages (compensatory, punitive or attorney's fees or costs) should be awarded to Plaintiff.

E.     Plaintiff seeks:

    i.     a declaratory judgment that Defendants' punishment and compulsion of Plaintiff's speech violates the First, Fifth, and Fourteenth Amendments as well as the University of Illinois Statutes;

    ii.     an order of specific performance requiring Defendants to abide by their contractual obligations of freedom of speech and academic freedom to Plaintiff under the University of Illinois Statutes;

    iii.     a permanent injunction barring Defendants from enforcing the antidiscrimination policy in a way that violates faculty and student rights under the First, Fifth, and Fourteenth Amendments and the University of Illinois Statutes;

    iv.     compensatory and punitive damages in an amount to be determined at trial; and

      v.      his reasonable costs and expenses, including attorney's fees, in accordance with 42 U.S.C. § 1988 and all other applicable laws.

Defendants maintain that they are not liable to Plaintiff and that Plaintiff should be awarded no damages.

## II. Pending Motions and Case Plan

A. The initial status hearing will be conducted telephonically, and is scheduled for March 30, 2022, at 9:00 a.m. (Dkt. 3.)

B. Defendants intend to file a motion to dismiss the Amended Complaint. Defendants' deadline for responding to the Amended Complaint is March 28, 2022. Defendants have filed a motion for a 28-day extension of time, requesting to file their motion to dismiss on or before April 25, 2022. (Dkt. 14.) Plaintiff agreed to a 14-day extension, but would not agree to a 28-day extension.

C. The Parties provide the following initial proposal for a discovery plan consistent the Court's standing order:

    i. Defendants maintain that discovery should be stayed pending a ruling on Defendants' motion to dismiss, which may dispose of the case in its entirety, narrow the claims and contested issues and dismiss at least some of the named Defendants, or otherwise result in the Court relinquishing its supplemental jurisdiction over certain state law claims should they remain. Defendants deny liability for any of the claims asserted against them, and anticipate seeking written and oral discovery relating to the six counts of Plaintiff's Amended Complaint to the extent the claims survive a motion to dismiss and the case remains in the Northern District of Illinois.

    Plaintiff disagrees that discovery should be stayed pending a ruling on Defendants' proposed motion to dismiss. Even if Defendants' motion succeeds in narrowing the claims, the universe of documents common to all of the claims is relatively narrow: all of Defendants' communications relating to Plaintiff since December, 2020, as well as all documents relating to Defendants' investigation of Plaintiff. Plaintiff will seek other written discovery, as well as oral discovery.

    ii. In the event the Court declines to stay fact discovery pending a ruling on Defendants' motion to dismiss, Defendants propose that written discovery be issued by June 24, 2022.

    iii. Plaintiff proposes that written discovery be issued by April 11, 2022.

    iv. Rule 26(a)(1) disclosures shall be made by April 8, 2022. The deadline for the amendment of pleadings shall be July 7, 2022.

3

   v.  Fact discovery shall be completed by October 31, 2022.

   vi.  The Parties suggest that deadlines for the completion of expert discovery and the filing summary judgment motions should not be included in the Court's global case scheduling order. The Parties propose that the Court set those deadlines in consultation with the Parties after the close of fact discovery.

 D. The Parties request a jury trial. The Parties currently anticipate that a trial would take 5-7 days.

**III.** **Consent to Proceed Before a Magistrate Judge**

 A. The Parties do not consent unanimously to proceed before a Magistrate Judge for all matters in the case, including dispositive motions and jury trial.

**IV.** **Status of Settlement Discussions**

 A. The Parties participated in a preliminary settlement discussion on March 23, 2022.

 B. No further settlement discussions are anticipated at this time.

 C. The Parties do not request a settlement conference with the Court at this time.

Dated: March 25, 2022

Respectfully submitted,

| | |
|---|---|
| **MICHAEL AMIRIDIS, CARYN A. BILLS, JULIE M. SPANBAUER, DONALD KAMM, and ASHLEY DAVIDSON** | **JASON KILBORN** |
| By: */s/ John F. Kennedy* <br>   One of their Attorneys | By: */s/ Paul K. Vickrey* <br>   One of his Attorneys |
| John F. Kennedy (jkennedy@taftlaw.com) <br> Elizabeth E. Babbitt (ebabbitt@taftlaw.com) <br> Paul J. Coogan (pcoogan@taftlaw.com) <br> Elizabeth A. Winkowski (ewinkowski@taftlaw.com) <br> **TAFT STETTINIUS & HOLLISTER LLP** <br> 111 E. Wacker Dr., Suite 2800 <br> Chicago, IL 60601 <br> (312) 527-4000 <br> Fax: (312) 527-4011 | Paul K. Vickrey (vickrey@vvnlaw.com) <br> Patrick F. Solon (solon@vvnlaw.com) <br> Dylan M. Brown (dbrown@vvnlaw.com) <br> **VITALE, VICKREY, NIRO, SOLON & GASEY LLP** <br> 311 S. Wacker Dr., Suite 2470 <br> Chicago, IL 60606 <br> (312) 236-0733 <br> Fax: (312) 236-3137 |