IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jason J. Kilborn,<br><br>      Plaintiff,<br><br>  v.<br><br>Michael Amiridis, Caryn A. Bills, Julie M. Spanbauer, Donald Kamm, and Ashley Davidson, in their individual and official capacities,<br><br>      Defendants. | Case No.: 1:22-cv-00475<br><br>Judge John Z. Lee<br><br>Magistrate Judge Sheila M. Finnegan |

**DEFENDANTS' OPPOSED MOTION FOR SANCTIONS
UNDER FEDERAL RULE OF CIVIL PROCEDURE 11**

    Defendants Michael Amiridis, Caryn A. Bills, Julie M. Spanbauer, Donald Kamm, and Ashley Davidson ("Defendants"), by and through their undersigned counsel, respectfully move this Court, pursuant to Federal Rule of Civil Procedure 11(c), for an order of sanctions against Plaintiff Jason J. Kilborn, and Kilborn's counsel, Attorneys Paul K. Vickrey, Patrick F. Solon, and Dylan M. Brown, of the law firm Vitale, Vickrey, Niro, Solon & Gasey LLP ("Counsel"), for violations of Rule 11(b)(3), as set forth herein and in Defendants' supporting Memorandum of Law. In support thereof, Defendants state:

    1.    Rule 11(b)(3) requires that, by submitting a signed pleading to the court, an attorney "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the factual contentions presented in the pleading "have evidentiary support."

    2.    Kilborn and his Counsel have filed a pleading with this Court that contains factual contentions lacking evidentiary support, in violation of Rule 11(b)(3). Kilborn and his Counsel

knew, or should have known, after reasonable inquiry, that these factual contentions lacked evidentiary support. These unsupported factual contentions are material, as they are presented to advance Kilborn's arguments in opposition to Defendants' sovereign immunity defense.

3. On May 20, 2022, Attorney Vickrey signed and filed a pleading in response to Defendants' Motion to Dismiss the First Amended Complaint ("Response") on behalf of Kilborn. (Dkt. 23.) Kilborn is a "tenured full Professor of Law at the UIC School of Law." (First Am. Compl. or "FAC", Dkt. 9 ¶ 7.)

4. In the Response, Kilborn complains that he was required to participate in sensitivity training, and incorrectly claims that he has never been informed as to whether he satisfied the requirements of this training.

5. Specifically, Kilborn and Counsel state that, "[w]hile Kilborn complied with some mandated training, Defendants have *not* said whether they deem his effort to be an adequate 'engagement and commitment to the goals of the program' or a 'satisfactory completion of this program.' For that reason, Kilborn's return to teaching depends on Defendants' whim and he is *not* sure to be teaching classes in the fall semester of 2022." (Dkt. 23, Resp. at 3) (emphasis in original and citing FAC ¶¶ 50-51).

6. Kilborn and Counsel also allege in the Response that "Defendants have refused to reveal whether [Kilborn] has satisfactorily complied with their mandate in order to be reinstated in the classroom." (Dkt. 23, Resp. at 15) (citing FAC ¶ 50).

7. These representations in the Response ignore the fact that Kilborn was informed on March 2, 2022, that he **had** successfully completed the training program.[1] On that day, Defendant

---

[1] The misrepresentations in the Response are also not supported by the allegations Kilborn cites, Paragraphs 50 and 51 of the First Amended Complaint. Neither of those Paragraphs in the First Amended Complaint support the notion that Defendants "have not said" or "refuse to reveal" whether Kilborn satisfied the training program. To the contrary,

2

Julie Spanbauer (interim Dean of the UIC School of Law), emailed Kilborn, stating "Hello Jason. Thank you for your work in the program and with the coach. Based on that successful outcome, you have been assigned to teach the following courses during the fall 2022 semester . . . ." (*See* March 2, 2022 Spanbauer-Kilborn Email Exchange, attached as Exhibit A to supporting memorandum of law.) Kilborn responded "Thank you." that same day. (*Id.*) Spanbauer also emailed the UIC law school student body on March 4, 2022, reporting that Professor Kilborn was scheduled to teach bankruptcy and secured transactions in the Fall 2022 semester, having successfully completed the diversity training program. (*See* Spanbauer Email dated March 4, 2022, attached as Exhibit B to supporting memorandum of law.)

8. The assertions of these factual contentions without evidentiary support in the Response are consequential and material. Kilborn and Counsel present these contentions to argue that Kilborn can avoid Defendants' sovereign immunity defenses under the *Ex Parte Young* exception to sovereign immunity, by arguing there is an "ongoing violation of federal law." (Resp. at 3) ("First, the FAC directly alleges Defendants' ongoing enforcement of the policy against Kilborn for his *past* speech. That episode is not complete, contrary to Defendants' argument (Doc. 20, ECF p. 14). While Kilborn complied with some mandated training, Defendants have *not* said whether they deem his effort to be an adequate 'engagement and commitment to the goals of the program' or a 'satisfactory completion of this program.'").

9. Here, the purported "ongoing violation" is belied by Kilborn's written communications with Dean Spanbauer. Kilborn knew on March 2, 2022 (months before the filing of his Response), that he had satisfied his obligations of the training program. (*See* Exhibit A to supporting memorandum of law.)

---

Kilborn himself alleges in Paragraph 51 that "Plaintiff has since complied with this mandated 'training.'" (FAC, Dkt. 9, ¶ 51.)

3

10. Had Counsel conducted *any* reasonable inquiry, as required by Rule 11(b), they would have determined that it is not true that "Defendants have refused to reveal whether [Kilborn] has satisfactorily complied with their mandate in order to be reinstated in the classroom." (Resp. at 15.)

11. Pursuant to Rule 11(c)(1)(A), a "safe harbor" letter and a draft Rule 11 motion were served upon counsel no less than 21 days prior to this filing. A copy of the safe harbor letter and a certificate of service are attached as Exhibit C to the supporting memorandum of law. At the time of this filing, Kilborn and Counsel have not withdrawn the false allegations presented in the Response.

**WHEREFORE**, for the reasons set forth herein and in Defendants' Supporting Memorandum of Law, Defendants request that the Court sanction Kilborn and Counsel in a manner sufficient to deter repetition of such conduct or comparable conduct by others similarly situated, and for an award of attorneys' fees and costs resulting from their violation of Rule 11, pursuant to Fed. R. Civ. P. 11(c)(4).

Dated: June 24, 2022     Respectfully submitted,

**MICHAEL AMIRIDIS, CARYN A. BILLS, JULIE M. SPANBAUER, DONALD KAMM, and ASHLEY DAVIDSON**

By: */s/ John F. Kennedy*
     One of their Attorneys

John F. Kennedy (jkennedy@taftlaw.com)
Elizabeth E. Babbitt (ebabbitt@taftlaw.com)
Paul J. Coogan (pcoogan@taftlaw.com)
Elizabeth A. Winkowski (ewinkowski@taftlaw.com)
TAFT STETTINIUS & HOLLISTER LLP
111 E. Wacker Dr., Suite 2800
Chicago, IL 60601
Phone: (312) 527-4000
Fax: (312) 527-4011