# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JASON J. KILBORN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cv-00475 |
| | ) | |
| MICHAEL AMIRIDIS, CARYN A. BILLS, | ) | Hon. John Z. Lee |
| JULIE M. SPANBAUER, DONALD KAMM, | ) | Magistrate Judge Sheila M. Finnegan |
| and ASHLEY DAVIDSON, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S SURREPLY IN OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff, Jason Kilborn, respectfully submits this surreply in opposition to Defendants' Motion to Dismiss (Dkt. 20) to address certain new arguments made in their Reply (Dkt. 31), specifically in Defendants' argument that Kilborn's Section 1983 official-capacity claims for injunctive relief are barred by the Eleventh Amendment. (Dkt. 31 at 1-4).

First, Kilborn's *Ex Parte Young* case is not limited to injunctive relief regarding the mandated training program or his return to teaching. Defendants argue without support that the First Amended Complaint ("FAC") (Dkt. 9) does not properly seek judicial scrutiny of Defendants' unconstitutional antiharassment policy. (Dkt. 31 at 1, 4, citing Dkt. 23 at ECF p. 14). Kilborn's suit challenges, on constitutional grounds, Defendants' ongoing enforcement of an unconstitutional, vague, and arbitrary antiharassment policy that punishes and chills protected speech. (e.g., FAC ¶¶ 55-60, 73-77). Kilborn challenges the ruling that his past speech violated Defendants' policy (FAC ¶¶ 25-43), for which Defendants have implemented an arbitrarily shifting series of ongoing punishments. (FAC ¶¶ 44-51). Defendant Spanbauer's March 4, 2022 email (Dkt. 32-3), cited in Defendants' Reply, confirms that Kilborn is still on probation for that

past conduct. Kilborn also challenges the continued enforcement of the policy against him because it chills his important rights to speak and teach freely as a law professor. (e.g., FAC ¶¶ 55, 57, 60, 65-66, 73-76). Defendants have not abandoned their unconstitutional antiharassment policy, by which Defendants use vague and arbitrary standards to implement the single word "harassment." (FAC ¶¶ 73-76). These facts alleged in the FAC support a claim under Section 1983 that the policy violates the First and Fourteenth Amendments. Facts are what count under Fed. R. Civ. P. 8, and complaints in the Seventh Circuit do not require the pleading of legal theories. *Hatmaker v. Memorial Med. Ctr.*, 619 F.3d 741, 743 (7th Cir. 2010). Further, based on the factual allegations and consistent with countless other speech cases against state actors in federal court, the FAC requests classic *Ex Parte Young* injunctive relief both to stop Defendants' unconstitutional punishment of Kilborn's past speech and to preclude future unconstitutional enforcement of the policy against him. (FAC p. 20, Prayer for Relief at A, B).

Second, Defendants attack Kilborn's assertion in the Response (Dkt. 23 at ECF p. 10) that Defendants have not said whether he has completed a mandated training program to their satisfaction and that his return to teaching remains subject to Defendants' whim. As noted above, Kilborn's case is not limited to challenging "the University's alleged requirement that Kilborn complete a diversity training program" before returning him to teaching, but Defendants argue that claim is defeated by the allegation that Kilborn has "since *complied* with this mandated 'training.'" (Dkt. 31 at 2, citing FAC ¶¶ 50-51). Defendants also argue that Kilborn's argument is defeated by the post-FAC March 2, 2022 email that underlies their Rule 11 motion. (Dkt. 31 at 1-2).

The FAC nowhere alleges that Defendants' entire training program has been *completed*, or that Defendants have stated their satisfaction, or that Kilborn is sure to be teaching in the Fall of 2022. Defendants just spin the word "complied" in Paragraph 51 of the FAC. That allegation is only that Kilborn had at that time submitted to what Defendants had forced him to do, in their

- 2 -

ongoing violation of the First and Fourteenth Amendments. It is indisputable that the training program was *not* complete when the FAC was filed (Dkt. 32-1 at ¶¶4-5); Kilborn completed that training program only later, on March 11, 2022, a fact which Defendants likewise do not dispute. (Dkt. 30 at 11).

Similarly, the Spanbauer emails of March 2 and 4, 2022 that post-date the FAC (Dkt. 30-1, 32-3), if considered under Rule 12, also do not compel Defendants' version of the facts. The post-FAC facts are addressed in detail in Kilborn's response to the Rule 11 motion. (Dkt. 32). In summary: (1) the March 2 email (Dkt. 30-1) came before Kilborn had even completed his mandated training; (2) Defendant Spanbauer's contemporaneous email blast to the entire student body on March 4, 2022 (Dkt. 32-3) referenced only the "Cornell" module of the training, which was only the first portion of the mandated program (Dkt. 32-1 at ¶¶4-5); (3) Kilborn's repeated queries as to whether he had satisfied the requirement of his "engagement and commitment to the goals of the program" (see FAC ¶ 50) went unanswered (Dkt. 32-1 at ¶6); and (4) after public outcry, Defendants had earlier reneged on a prior agreement made by Spanbauer by abruptly suspending him from teaching his previously scheduled Spring semester classes on December 16, 2021 (FAC ¶¶ 45, 47-49). Spanbauer's vague, premature email did *not* put Kilborn on notice that his obligation under the sensitivity training program was complete (because it was not). Further, nothing in Spanbauer's email reflects that she was providing a binding clearance on behalf of the other UIC administrators who mandated the training in the first place.

In short, Defendants have refused to commit to any end of Kilborn's punishment and he remains subject to their whim. Kilborn's factual allegations cited above properly support prospective injunctive relief to stop any further punishment for Kilborn's past speech, because: Kilborn remains a convicted violator of Defendants policy; Kilborn remains on probation for his past conduct, where even if he gets to teach again he is being monitored closely for any perceived

violations of Defendants' unconstitutional antiharassment policy; and Defendants have clearly demonstrated their willingness to suspend him summarily even before the next semester, especially if Defendants conclude he was not sufficiently engaged and committed to the goals of their training program or if Defendants once again bow to outside pressure. Under the *Ex Parte Young* doctrine, the Court can restrain Defendants from exercising any of those powers in violation of the constitution. The Court also can compel Defendants to correct the false disciplinary record that now labels Kilborn a convicted violator of Defendants' unconstitutional policy. *Elliott v. Hinds*, 786 F.2d 298, 302 (7th Cir. 1986).

In the Reply, Defendants are arguing limited and disputed facts that cannot support a Rule 12 motion to dismiss. But even if the Court accepted Defendants' incorrect version of the limited facts regarding the training program and teaching assignments, the other facts in the FAC establish that Kilborn remains subject to Defendants' unconstitutional antiharassment policy. The continuing threat of that policy chills his constitutional right to speak and teach freely as a law professor. Defendants have made clear that they intend to apply their unconstitutional policy with vigor by closely monitoring Kilborn's future speech. Viewed properly and free of the Defendants' distortions, this is a classic *Ex Parte Young* case, where the enforcement of Defendants' unconstitutional antiharassment policy against Kilborn's past speech is ongoing and the threat of future enforcement against Kilborn is real and imminent. This Court has the power to determine whether Defendants' policy violates the constitution and, if it does, the Court can enjoin any further acts of enforcement.

For the above reasons and those in Plaintiff's Response, Plaintiff respectfully requests that the Court deny Defendants' motion to dismiss.

- 5 -

Respectfully submitted,

    */s/Paul K. Vickrey*
Paul K. Vickrey (vickrey@vvnlaw.com)
Patrick F. Solon (solon@vvnlaw.com)
Dylan M. Brown (brown@vvnlaw.com)
VITALE, VICKREY, NIRO, SOLON & GASEY LLP
311 S. Wacker Dr., Suite 2470
Chicago, IL 60606
(312) 236-0733
Fax: (312) 236-3137

*Attorneys for Plaintiff, Jason J. Kilborn*