IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JASON J. KILBORN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:22-cv-00475 |
| ) | |
| MICHAEL AMIRIDIS, CARYN A. BILLS, ) | Judge Sara L. Ellis |
| JULIE M. SPANBAUER, DONALD KAMM, ) | Magistrate Judge Sheila M. Finnegan |
| and ASHLEY DAVIDSON, ) | |
| ) | |
| Defendants. ) | |

## JOINT STATUS REPORT

Pursuant to the Court's February 16, 2023 Order (Dkt. 43), the Parties respectfully submit their revised Joint Status Report.

**1.   NATURE OF THE CASE**

   **A.   The Attorneys of Record for Each Party**

*Attorneys for Plaintiff*:
Paul K. Vickrey (vickrey@vvnlaw.com)
Patrick F. Solon (solon@vvnlaw.com)
Dylan M. Brown (brown@vvnlaw.com)
VITALE, VICKREY, NIRO, SOLON &
GASEY LLP
311 S. Wacker Dr., Suite 2470
Chicago, IL 60606
(312) 236-0733
Fax: (312) 236-3137

*Attorneys for Defendants*:
John F. Kennedy (jkennedy@taftlaw.com)
Elizabeth E. Babbitt (ebabbitt@taftlaw.com)
Paul J. Coogan (pcoogan@taftlaw.com)
Elizabeth A. Winkowski
(ewinkowski@taftlaw.com)
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker, Suite 2800
Chicago, IL 60601
(312) 527-4000
Fax: (312) 527-4011

   **B.   Nature of the Claims Asserted in the Complaint and any Counterclaims**

Plaintiff, a law professor at UIC Law at the University of Illinois Chicago, alleges in his Amended Complaint (Dkt. 9) six counts against Defendants in their individual and official capacities: (I) violation of the First and Fourteenth Amendments of the U.S. Constitution by allegedly "punishing" Plaintiff for speech and "compelling him to adopt speech with which he

76490561v2

disagrees," (*Id.* ¶ 60); (II) violation of the University of Illinois Statutes;[1] (III) violation of the Fifth and Fourteenth Amendments of the U.S. Constitution by allegedly violating Plaintiff's rights to due process; (IV) defamation per se; (V) false light; and (VI) intentional infliction of emotional distress.

On February 15, 2023, this Court granted in part and denied in part Defendants' motion to dismiss, dismissing certain claims without prejudice. Plaintiff intends to file by February 24, 2023 a limited motion for reconsideration of the Court's February 16, 2023 Order relative to a discrete ruling by the Court on defamation.

Plaintiff intends to file his Second Amended Complaint by March 1, 2023.

### C. Major Legal and Factual Issues in the Case

After this Court's ruling on Defendants' Motion to Dismiss (Dkt. 43), the following claims remain in the case: Plaintiff's First Amendment claim for compelled speech against Defendants in their individual capacities; Plaintiff's Due Process Claim based on the alleged unconstitutionality of the University Nondiscrimination Policy against Defendants in their official and individual capacities; Plaintiff's claim for defamation based on certain alleged statements against Defendants in their individual capacities; and Plaintiff's claim for false light based on certain alleged statements against Defendants in their individual capacities. Plaintiff intends to file his Second Amended Complaint by March 1, 2023.

### D. Relief Sought by Plaintiff

Plaintiff's Amended Complaint seeks:

a) a declaratory judgment that Defendants' punishment and compulsion of Plaintiff's speech violates the First, Fifth, and Fourteenth Amendments as well as the University of Illinois Statutes;

---

[1] Plaintiff's Opposition to Defendants' Motion to Dismiss states that Count II is not a separate claim for relief. (Dkt. 23 at 2 n.1).

b) an order of specific performance requiring Defendants to abide by their contractual obligations of freedom of speech and academic freedom to Plaintiff under the University of Illinois Statutes;

c) a permanent injunction barring Defendants from enforcing the antidiscrimination policy in a way that violates faculty and student rights under the First, Fifth, and Fourteenth Amendments and the University of Illinois Statutes;

d) compensatory and punitive damages in an amount to be determined at trial; and

e) attorney's fees and expenses under 42 U.S.C. § 1988.

(*See* Dkt. 9 at 20, Prayer for Relief.) Defendants maintain that they are not liable to Plaintiff and that Plaintiff should be awarded no damages.

Plaintiff will file a Second Amended Complaint on or before March 1, 2023. Plaintiff also intends to file a limited motion to reconsider a discrete ruling by the Court relative to defamation, and would do so by February 24, 2023.

**2.     JURISDICTION**

A.     The Amended Complaint (Dkt. 9) invokes federal-question jurisdiction, 28 U.S.C. §§ 1331, 1343, arising from Kilborn's constitutional claims under 42 U.S.C. § 1983.

B.     Kilborn's state-law claims are based on supplemental jurisdiction, 28 U.S.C. § 1367.

**3.     STATUS OF SERVICE**

All Parties are served and have appeared.

**4.     CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE**

The parties do not unanimously consent to proceed before a Magistrate Judge at this time.

**5.     MOTIONS**

    **A.     Pending Motions**

        There are no pending motions.

76490561v2

B. **State Whether the Defendant(s) Anticipate Responding to the Complaint by Filing an Answer or by Means of Motion**

Plaintiff has indicated that he intends to file a Second Amended Complaint by March 1, 2023. Having not yet seen Plaintiff's Second Amended Complaint, Defendants cannot yet state whether they intend to respond by filing an answer or motion. Defendants request 28 days from the filing of Plaintiff's Second Amended Complaint to file their response. Should Plaintiff stand on the First Amended Complaint, Defendants request until March 31 to file their answer and affirmative defenses.

6. **CASE PLAN**

    A. **Proposal for a Discovery Plan**

(1) The parties anticipate that the type of discovery needed in this case will include: interrogatories, requests for the production of documents and depositions.

**Plaintiff's Position**: Plaintiff proposes the following discovery schedule:

(2) Rule 26(a)(1) disclosures should be made within 28 days.

(3) Written discovery should be issued within 28 days.

(4) Fact discovery should be completed by October 1, 2023.

(5) Plaintiff does not anticipate the need for expert discovery.

(6) Dispositive Motions should be filed by October 31, 2023. Responses should be filed by November 3, 2023, and replies should be filed by November 17, 2023.

**Defendants' Position**: Plaintiff indicated that he intends to file a Second Amended Complaint and a motion to reconsider certain parts of the Court's ruling on Defendants' motion to dismiss. Defendants request that the Court stay discovery pending resolution of any motion to reconsider, and until Defendants have the opportunity to evaluate Plaintiff's Second Amended Complaint and the need for any motion practice based on that Second Amended Complaint.

Commencing discovery when the parties are not at issue and the contested issues and claims identified, especially in a case such as this, will be expensive and a waste of judicial resources and the resources of the Defendants.

In addition, Defendants note that before discovery can commence, the Parties must engage in discussions regarding a confidentiality order. Given that certain witnesses may be protected under the Federal Educational Rights and Privacy Act, a case-specific confidentiality order should be in place before the parties can exchange Rule 26(a) disclosures or engage in other written discovery.

Defendants suggest that deadlines for the completion of expert discovery and the filing of summary judgment motions should not be included in the Court's global case scheduling order. Defendants propose that the Court set those deadlines in consultation with the Parties after the close of fact discovery, which will also allow for sufficient time for the Parties to comply with the Court's Standing Order on the filing of summary judgment motions.

Plaintiff disagrees that discovery should be stayed, and has informed Defendants that the written discovery he intends to serve is relevant to the claims which this Court did not dismiss. Plaintiff is prepared to evaluate any "case-specific confidentiality order" which Defendants wish to propose.

  **B.**  **Trial**

  (1)  The parties request a jury trial.

  (2)  The parties estimate that the probable length of trial would be 5-7 court days.

**7.**  **STATUS OF SETTLEMENT DISCUSSIONS**

  **A.**  The Parties, through counsel, discussed settlement on March 23, 2022.

  **B.**  No further settlement discussions are anticipated at this time.

  **C.**  The Parties do not request a settlement conference at this time.

Dated: February 23, 2022                                   Respectfully submitted,

| /s/ *Paul K. Vickrey* | /s/ *John F. Kennedy* |
|---|---|
| Paul K. Vickrey (vickrey@vvnlaw.com) | John F. Kennedy (jkennedy@taftlaw.com) |
| Patrick F. Solon (solon@vvnlaw.com) | Elizabeth E. Babbitt (ebabbitt@taftlaw.com) |
| Dylan M. Brown (brown@vvnlaw.com) | Paul J. Coogan (pcoogan@taftlaw.com) |
| VITALE, VICKREY, NIRO, SOLON & GASEY LLP | Elizabeth A. Winkowski (ewinkowski@taftlaw.com) |
| 311 S. Wacker Dr., Suite 2470 | TAFT STETTINIUS & HOLLISTER LLP |
| Chicago, IL 60606 | 111 East Wacker, Suite 2800 |
| (312) 236-0733 | Chicago, IL 60601 |
| Fax: (312) 236-3137 | (312) 527-4000 |
| | Fax: (312) 527-4011 |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |