IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JASON J. KILBORN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cv-00475 |
| | ) | |
| MICHAEL AMIRIDIS, CARYN A. BILLS, | ) | Judge Sara L. Ellis |
| JULIE M. SPANBAUER, DONALD KAMM, | ) | Magistrate Judge Sheila M. Finnegan |
| and ASHLEY DAVIDSON, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION FOR LIMITED RECONSIDERATION

Plaintiff, Jason Kilborn, now moves for limited reconsideration on a single, narrow point of this Court's February 15, 2023 ruling on his defamation claim: the exclusion of the "cockroaches" comment as referencing racial minorities. The Court apparently found that the Findings Letter could be innocently construed as not finding that "cockroaches" was a reference to racial minorities: "The Findings Letter does not state that Kilborn referred to racial minorities as 'cockroaches'; instead it asserts that Kilborn 'made references to 'cockroaches' during his January 23, 2020 class'…." (Opinion at 28).[1]

Respectfully, the Court's holding on this issue is at odds to the Illinois Supreme Court's opinion in *Tuite v. Corbitt,* 224 Ill. 2d 490, 513-15 (2006), which requires the determination of how "a reasonable reader" would view the statement in the context of the letter "as a whole." Here, an article in the *ABA Journal* viewed the Findings Letter as stating that Kilborn in fact called racial

---

[1] The parties did not brief the issue of innocent construction, and Defendants only obliquely implicated it in their Reply (Dkt. # 31 at 12), referencing a letter which was not part of the Amended Complaint: "Kilborn's use of the term "cockroaches '…was not directed to Black students, but in context could have been perceived as directed at racial minority plaintiffs.'"

minorities "cockroaches." (FAC at ¶39: "Allegations the office found to be substantiated include…referring to racial minorities as 'cockroaches'…."). The *ABA Journal* article reflects the determination of a "reasonable reader" under *Tuite* for good reason.

The Findings Letter delineates each accusation of "race-based harassment" and then states whether each such accusation is "substantiated." The entirety of the letter's discussion concerning "cockroaches" is:

Harassment

Six students and one faculty member reported that ***you engaged in race-based harassment*** of students between January 2020 and January 2021 as follows:

• During a January 23, 2020 lecture in the Civ Pro II course, you allegedly: (1) ***referred to racial minorities as "cockroaches"*** and denounced racial minorities' participation in civil rights claims as part of discussion of modern day extortion theory; and (2) referred to media stories that expose the negative behavior of White men as "lynching,"

\* \* \*

[*T*]*he evidence reviewed does substantiate that your conduct*, considered cumulatively and particularly with respect to the manner of your responses to criticism of the final exam question, was sufficiently substantial and repeated that it ***interfered with Black students' participation*** in the University's academic program and therefore constituted harassing conduct that violates the Policy. ***In particular, it is substantiated that:***

(1) you made multiple, inappropriate, ***racially-charged comments*** over the course of one hour during the January 23, 2020 class. This includes your making references to "***cockroaches***" and "lynching"….

Findings Letter at 1, 2 (Ex. A to FAC).

In *Tuite,* the Illinois Supreme Court reversed the dismissal of a defamation claim because the context of the statements at issue made a defamatory construction of the disputed statements "far more reasonable than any innocent construction":

Defendants, nonetheless, argue that terms such as "better representation," "retainer," "defense money," and "legal fees" in the excerpt indicate that Tuite was hired to provide legitimate legal services rather than to pay bribes. Defendants maintain that it is reasonable to accept the innocent construction that Tuite was

hired on the basis of his legal skills. We disagree. ***The isolated use of those terms does not control the meaning of the excerpt. The context of the book as a whole significantly colors those terms.*** Importantly, this book is not about hiring a lawyer or complimenting Tuite's skills as an attorney. The book is a series of stories about corruption, including corruption within the judicial system. It is not reasonable to believe defendants intended to convey a story about Tuite's trial skills ***given the context of the book as a whole. It is far more reasonable to believe defendants intended to convey a story about corruption.***

Defendants further argue that they explicitly accused other people of criminal misconduct in the book. ***Tuite, however, was not explicitly accused of bribing officials or any other criminal act. Defendants, therefore, contend that the excerpt is capable of a reasonable innocent construction.***

* * *

Although the book does not explicitly describe bribery as the means of achieving that result, it also does not mention or describe Tuite's trial skills as the basis for the criminal defendants' confidence in their acquittals. ***Based on the wording of the excerpt along with the context of the book as a whole, we believe that a reasonable reader would most likely conclude this passage was intended to allude to bribery and corruption of the judicial system.***

*Id.* at 513-15 (emphasis added).

Here, the context of the Findings Letter as a whole substantiates Kilborn's construction. The letter lays out each allegation of "race-based harassment" and then states whether each such allegation was "substantiated." The letter states that the allegation that Kilborn "referred to racial minorities as 'cockroaches'" was deemed "substantiated." And the wording of the "substantiation" in no way disputes or conditions the key allegation that Kilborn referred to racial minorities as "cockroaches." Instead, it adopts that allegation by stating that the comment ("cockroaches") was "racially-charged." In context, there is no innocent construction. "Cockroaches" are insects widely viewed as pests; that word is "racially-charged" if it is a reference to racial minorities. The statement is also false. Defendants had the tape of the class and knew that Kilborn's use of the term "cockroaches" in no way referenced racial minorities or race at all.

Moreover, here, we do not have to speculate what the *Tuite* Court's "reasonable reader" would conclude. The *ABA Journal* – one of the most widely read periodicals in the legal field –

read the Findings Letter and unequivocally stated that the OEA "substantiated" that Kilborn had

"refer[red] to racial minorities as 'cockroaches'":

> A May 28 letter (https://www.abajournal.com/files/UIC_Law_finding.pdf) from UIC's Office for Access and Equity details the various complaints. According to the letter, the agency found that ***Kilborn's conduct*** was "sufficiently substantial and repeated" enough to interfere with Black students' law school participation and ***constituted harassment.... Allegations the office found to be substantiated include Kilborn*** in a January 2020 lecture dismissing a Black student's view that his comments were overgeneralizing references to people of color, ***referring to racial minorities as "cockroaches,"….***

(FAC at ¶39; emphasis added).

"Courts are not required to strain to find an unnatural meaning for words when a defamatory meaning is far more reasonable." *Tuite*, 224 Ill. 2d at 512. Given the context of the letter "as a whole", the construction that the Findings Letter accused Kilborn of calling minorities "cockroaches" is, to quote *Tuite*, "far more reasonable than any innocent construction." Accordingly, Plaintiff respectfully requests reconsideration of the Court's ruling on this issue.

Respectfully submitted,

*/s/Paul K. Vickrey*
Paul K. Vickrey (vickrey@vvnlaw.com)
Patrick F. Solon (solon@vvnlaw.com)
Dylan M. Brown (brown@vvnlaw.com)
VITALE, VICKREY, NIRO, SOLON & GASEY LLP
311 S. Wacker Dr., Suite 2470
Chicago, IL 60606
(312) 236-0733
Fax: (312) 236-3137

***Attorneys for Plaintiff, Jason J. Kilborn***