IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jason J. Kilborn, *Plaintiff*, v. Michael Amiridis, Caryn A. Bills, Julie M. Spanbauer, Donald Kamm, and Ashley Davidson, *Defendants*. | Case No.: 1:22-cv-00475 Judge Sara L. Ellis Magistrate Judge Sheila M. Finnegan |

## DEFENDANTS' OPPOSED MOTION FOR LEAVE TO FILE PARTIAL MOTION TO DISMISS

Defendants Michael Amiridis, Caryn A. Bills, Julie M. Spanbauer, Donald Kamm, and Ashley Davidson (collectively "Defendants"), by and through their undersigned counsel, seek this Court's leave to file a motion to dismiss in part Plaintiff's Second Amended Complaint, asserting previously raised arguments that remain undecided post remand. In support of their motion for leave to file (the "Motion"), Defendants state as follows:

1. On March 3, 2023, Plaintiff Jason J. Kilborn ("Kilborn") filed his Second Amended Complaint, asserting claims for retaliation and compelled speech in violation of the First Amendment (Count I), a claim for violation of his procedural due process rights and constitutional challenge to the University's nondiscrimination policy (Count III), and state-law claims for defamation and false light (Counts IV and V).[1] (*See* Dkt. 47 ("SAC").)

---

[1] The SAC also includes claims for "Violation of the University of Illinois Statutes" (Count II) and intentional infliction of emotional distress (Count VI). However, those claims were previously dismissed by prior Court orders. (*See* Dkt. 43 at 21 n.6 (explaining that Kilborn conceded Count II was not a standalone claim and dismissing claim); *id.* at 31-33 (dismissing IIED claim); SAC at 26 (acknowledging that Count VI was "Dismissed Under February 15, 2023 Order").)

2. On April 14, 2023, Defendants moved to dismiss the SAC. (Dkt. 56.) Defendants argued that Kilborn failed to state a claim for retaliation, compelled speech, and violation of his procedural due process rights, or allege a viable constitutional challenge to the nondiscrimination policy. (Dkt. 56 at 4-12, 17-24.) Further, Defendants argued that Kilborn's retaliation, compelled speech, and procedural due process claims against Defendants in their official capacities were barred by Eleventh Amendment immunity, and that all of his constitutional claims against Defendants in their individual capacities were barred by the doctrine of qualified immunity. (*Id.* at 13-17.) Defendants also asserted that Kilborn's defamation and false light claims failed for various reasons. (*Id.* at 25-30.)

3. On November 1, 2023, this Court granted Defendants' motion to dismiss in its entirety, dismissing Kilborn's federal claims with prejudice. (Dkt. 62.) The Court concluded that Kilborn failed to state a claim for retaliation or violation of his procedural due process rights, and failed to allege a viable constitutional challenge to the nondiscrimination policy. (*Id.* at 8-16, 23-30.) Though this Court found that Kilborn stated a claim for compelled speech, it concluded that Eleventh Amendment barred this claim against Defendants in their official capacities, and the doctrine of qualified immunity barred this claim against Defendants in their individual capacities. (*Id.* at 16-20.) This Court did not address whether these doctrines barred any of Kilborn's other constitutional claims.

4. Because this Court dismissed all of Kilborn's federal claims with prejudice, it declined to exercise supplemental jurisdiction over Kilborn's state-law claims. (*Id.* at 31.) It therefore did not address Defendants' arguments in its motion to dismiss regarding Kilborn's state-law claims.

173641728v4

5. Kilborn appealed. (Dkt. 64.) On March 12, 2025, the Seventh Circuit reversed this Court's dismissal of Kilborn's retaliation claim. *See Kilborn v. Amiridis*, 131 F.4th 550 (7th Cir. 2025). The Seventh Circuit held that Kilborn had stated a claim for retaliation in violation of the First Amendment and that Rule 12 dismissal of this claim was not appropriate on qualified immunity grounds. *Id.* at 557-62. The Seventh Circuit did not address whether the Eleventh Amendment barred Kilborn's retaliation claim against Defendants in their official capacities. The Seventh Circuit affirmed this Court's dismissal of Kilborn's compelled speech, procedural due process, and nondiscrimination policy claims. *Id.* at 562-66.

6. Having reversed the dismissal of Kilborn's retaliation claim, the Seventh Circuit vacated this Court's dismissal of Kilborn's state-law claims "for further consideration." *Id.* at 566.

7. Accordingly, the only claims that remain are Kilborn's federal claim for First Amendment retaliation (Count I) and state-law claims of defamation and false light (Counts IV and V).[2]

8. As set forth above, neither this Court nor the Seventh Circuit has addressed: (1) whether the retaliation claim against Defendants in their official capacities is barred by Eleventh Amendment immunity, and (2) whether Kilborn has stated a claim for defamation and false light. Both of these issues were timely raised in Defendants' motion to dismiss the SAC. (*See* Dkt. 56 at 13-14, 25-30.)

---

[2] Based on Kilborn's prior pleading, Defendants do not believe that Kilborn is asserting defamation and false light claims against Defendants in their official capacities. (*See* Dkt. 23 at 15 ("The Eleventh Amendment does not apply to Kilborn's claims under Illinois state law because Kilborn is not suing Defendants in their official capacities, he does not seek damages against UIC, and he does not seek any injunctive relief under state law. Kilborn's state-law claims are the plain-vanilla torts presented in Counts IV, V, and VI, all of which give Kilborn a right to damages against Defendants in their individual capacities."); Dkt. 43 at 21 n.5 ("Kilborn clarifies that he brings his state law claims against Defendants only in their individual capacities. The Court therefore need not address Defendants' argument that the Eleventh Amendment bars Kilborn's state law claims against Defendants in their official capacities."). To the extent any uncertainty remains, Kilborn should be required to replead.

9. Because these issues were timely raised in Defendants' motion to dismiss the SAC (*see* Dkt. 56 at 13-14, 25-30) and remain undecided, Defendants are not precluded from reasserting them in this Court. *See United States v. Morris*, 259 F.3d 894, 898 (7th Cir. 2001) (providing that on remand, a district court may address "issues that were timely raised before the district and/or appellate courts but which remain undecided"); *cf.* Fed. R. Civ. P. 12(g)(2) (further Rule 12 motions prohibited only where a defense or objection was available to a party but "omitted from its earlier motion").

10. Moreover, "[w]hen jurisdiction over state-law theories has been relinquished but the federal basis of the suit is reinstated on appeal, those theories do not disappear. To the contrary, they can be and often are revived in federal court." *St. Augustine School v. Underly*, 78 F.4th 349, 358 (7th Cir. 2023). This is true because where all the claims relate to the same set of operative facts, state-law theories are reinstated along with federal theories. *Edwards v. Snyder*, 478 F.3d 827, 832 (7th Cir. 2007).

11. In an abundance of caution, Defendants respectfully request this Court's leave to file a motion to dismiss the SAC in part, reasserting their prior arguments that Kilborn's official-capacity retaliation claim is barred by Eleventh Amendment immunity and that Kilborn fails to state a claim for defamation and false light for various reasons. Because the presence of such claims will substantially expand the scope of discovery, Defendants also intend to seek a stay of discovery should this Court grant the instant Motion.

12. To the extent any technical defaults exist following remand with respect to Defendants' not renewing their motion earlier or otherwise pleading, Defendants respectfully request that such defaults be vacated.

13.     Counsel for the parties exchanged emails regarding the partial motion to dismiss described above on June 5, 2025 and June 13, 2025.  On June 19, 2025, counsel for Defendants conferred with counsel for Kilborn by email, stating their intent to file the instant motion for leave to file the partial motion to dismiss, asking whether the motion for leave was opposed, and offering to meet and confer. Kilborn's counsel did not respond to this email.

WHEREFORE, Defendants respectfully request that this Court enter an order: (1) granting their Motion and allowing them leave to file a Partial Motion to Dismiss; (2) vacating technical defaults if any; and (3) ordering such other and further relief that this Court deems equitable and just.

| | |
|---|---|
| Dated:  July 1, 2025 | Respectfully submitted, |
| | **MICHAEL AMIRIDIS, CARYN A. BILLS, JULIE M. SPANBAUER, DONALD KAMM, and ASHLEY DAVIDSON** |
| | By:  */s/ John F. Kennedy* <br> One of their Attorneys |

John F. Kennedy
jkennedy@taftlaw.com
Elizabeth E. Babbitt
ebabbitt@taftlaw.com
Paul J. Coogan
pcoogan@taftlaw.com
Andrew S. Murphy
amurphy@taftlaw.com
Elizabeth A. Winkowski
ewinkowski@taftlaw.com
Taft Stettinius & Hollister LLP
111 E. Wacker Dr., Suite 2600
Chicago, IL 60601
Phone: (312) 527-4000
Fax:  (312) 527-4011

173641728v4