# EXHIBIT A

```
 1                    IN THE UNITED STATES DISTRICT COURT
                         NORTHERN DISTRICT OF ILLINOIS
 2                             EASTERN DIVISION

 3    JASON J. KILBORN,              )  Case No. 22 C 475
                                     )
 4                   Plaintiff,      )
                                     )
 5          v.                       )
                                     )
 6    MICHAEL AMIRIDIS, CARYN A.     )
      BILLS, JULIE M. SPANBAUER,     )
 7    DONALD KAMM, and ASHLEY        )
      DAVIDSON,                      )  Chicago, Illinois
 8                                   )  July 8, 2025
                     Defendants.     )  9:45 a.m.
 9

10          TELEPHONIC TRANSCRIPT OF PROCEEDINGS - MOTION
                 BEFORE THE HONORABLE SARA L. ELLIS
11
      APPEARANCES:
12
      For the Plaintiff:    VITALE, VICKREY, NIRO, SOLON & GASEY LLP
13                          BY:  MR. PAUL M. VICKREY
                                 MR. PATRICK F. SOLON
14                          311 S. Wacker Drive, Suite 2470
                            Chicago, Illinois  60606
15
      For the Defendants:   TAFT STETTINIUS & HOLLISTER LLP
16                          BY:  MS. ELIZABETH E. BABBITT
                            111 E. Wacker Drive, Suite 2800
17                          Chicago, Illinois  60601

18

19
      Court Reporter:       KELLY M. FITZGERALD, RPR, RMR, CRR
20                          Official Court Reporter
                            219 S. Dearborn Street, Room 2304A
21                          Chicago, Illinois  60604
                            (312) 818-6626
22                          kmftranscripts@gmail.com

23
                        *   *   *   *   *
24
                  PROCEEDINGS REPORTED BY STENOTYPE
25       TRANSCRIPT PRODUCED USING COMPUTER-AIDED TRANSCRIPTION
```

2

1      (Proceedings heard via telephone:)

2          THE CLERK:  Case 22 CV 475, Kilborn v. Amiridis, et

3  al.

4          Counsel for plaintiff, please state your name for the

5  record.

6          MR. SOLON:  Good morning, Your Honor.  It's Patrick

7  Solon and Paul Vickrey together here on the phone for the

8  plaintiff.

9          THE CLERK:  Defendant?

10         MS. BABBITT:  Good morning, Your Honor.  Elizabeth

11 Babbitt on behalf of defendants.

12         THE COURT:  All right.  Good morning.

13         So did plaintiffs get a chance to look at defendants'

14 motion for leave to file an additional motion to dismiss?

15         UNIDENTIFIED SPEAKER:  Yes, Your Honor.  And we can

16 give you a brief position on that.

17         THE COURT:  Sure.  Go ahead.

18         UNIDENTIFIED SPEAKER:  So procedurally I think the --

19 the path open to them for these two defenses that they

20 didn't -- they didn't argue in the Seventh Circuit and so, you

21 know, weren't in the opinion is that they can include those in

22 their answer, they should file an answer, and all their

23 defenses, including these two, we agree they -- they are

24 waived, you know, generally in the case.  Put them in the

25 answer.  And there are procedural vehicles if they want to seek

1    partial judgment based on those or any other viable defenses.

2    They can use Rule 12(c) or they can use Rule 56.

3            And but our position is that what they can't do,

4    because of the resolution of the appeal and under the, you

5    know, mandate doctrine, law of the case, appeal rules, is what

6    they can't do is refile the same Rule 12(b)(6) motion that was

7    decided on the appeal.  They opted not to include these two

8    arguments as alternative grounds for affirmance.  That was

9    their -- they had the right to -- they didn't -- they weren't

10   required to do that.  But what they can't do is go back and

11   refile the same motion and get a do-over of the part of the

12   case, you know, that has been resolved on appeal.

13           But they have an alternative path, and what they

14   should be doing now is filing an answer.  And what we would --

15   and because the ultimate outcome of the appeal, of course, is

16   that the case can't be dismissed.  The second amended complaint

17   is going forward.  And so at this point, the case is

18   appropriate to, you know, be scheduled for discovery and to

19   proceed.  And that's what we would like to see happen.

20           So we think the path is they file an answer.  If they

21   think they're entitled to some partial judgment, there's

22   vehicles for that under the rules.  They're not entitled to

23   dismissal, and so the 12(b)(6) motion resurrecting old

24   arguments is not a good vehicle and that the case should just

25   be scheduled to go forward for discovery from here.

4

1         And that's all.

2         THE COURT:  All right.

3         MS. BABBITT:  Your Honor, this is Elizabeth --

4         THE COURT:  One of the -- yeah, sorry.  Hold on.

5         One of the questions I had for the plaintiff is the --

6    one of the issues that the defendants raised in their motion

7    essentially is a clarification question that perhaps we could

8    resolve here on the phone which is at footnote 2, that

9    defendants are essentially asking for clarification whether

10   Mr. Kilborn is asserting defamation or false light claim

11   against the defendants in their official capacity.  And they

12   are assuming that it is only in their individual capacity; is

13   that correct?

14        UNIDENTIFIED SPEAKER:  Well, I think because that --

15   those are state law concepts, Your Honor, I think the answer is

16   that we're suing the individuals who committed the defamation

17   and we're suing them as agents of the -- you know, of the

18   entity.  Under the Eleventh Amendment, we're not seeking

19   monetary relief against the state of Illinois.

20        So at the -- I'm not sure that the -- you know, the

21   Section 1983 statutory concept of official and individual

22   capacities doesn't layer on perfectly with the state law

23   defamation claim I think is the problem, the problem in the

24   sense of not knowing exactly how to answer that question.

25        THE COURT:  All right.  So I guess what I'm hearing

1    from you is that these two state law claims anyway, you are

2    moving forward with those against the individuals in their

3    individual capacity as well as, like, agents of the university

4    but not seeking to hold the state liable for damages with

5    regard to those.  Would that be correct?

6              UNIDENTIFIED SPEAKER:  Yes.

7              UNIDENTIFIED SPEAKER  I think that's correct.

8              THE COURT:  Okay.

9              UNIDENTIFIED SPEAKER:  And, yeah, and I -- I'm going

10   to look at Mr. Vickrey here.

11             Is there any equitable or injunctive issues --

12             UNIDENTIFIED SPEAKER:  No.

13             UNIDENTIFIED SPEAKER:  -- in the state law claims?

14             UNIDENTIFIED SPEAKER::  No, there isn't.

15             UNIDENTIFIED SPEAKER:  So that's the money --

16             COURT REPORTER:  I'm sorry.  Excuse me, Counsel.

17   Excuse me, Counsel.  Whatever plaintiff's counsel is speaking

18   at a time, you need to identify yourselves since you're on the

19   same line.  So who was speaking first?

20             MR. SOLON:  Yes.  Pat -- I'm sorry.  I just read the

21   minute order that told me to do that.

22             Patrick Solon has been the one speaking almost the

23   entirety of the time.  The other person who just spoke is Paul

24   Vickrey.  Now this is Patrick Solon speaking.

25             COURT REPORTER:  Thank you.

1          MR. SOLON:  And I apologize.

2          Yeah.  So to clarify, the relief sought is money

3     damages and not equitable.  So the argument that was briefed

4     about official capacities, you know, in the 12(b)(6) motion was

5     about seeking declaratory and injunctive relief under the

6     Ex parte Young doctrine, it's in the exception to the Eleventh

7     Amendment and things like that.  None of that analysis I think

8     applies at all to the state law counts.

9          THE COURT:  All right.  All right.  And having heard

10    that then -- all right.

11         Then, Ms. Babbitt, what's your -- what's your

12    response?  How do you want to go forward?

13         MS. BABBITT:  Thank you, Your Honor.  Elizabeth

14    Babbitt on behalf of the defendants.

15         I would disagree with the plaintiff's analysis as to

16    the pleadings and our ability to file a Rule 12(b)(6) motion.

17    The case law provides that we can pursue it particularly

18    because, one, they are misstating our appellate pleadings.  We

19    did assert this issue of official capacity.

20         And the notion of Eleventh Amendment immunity on the

21    First Amendment retaliation claim, that was an issue that was

22    raised in the briefs but not addressed by the Seventh Circuit.

23    And that will be an argument that we would think remains ripe

24    for us to argue on a Rule 12(b)(6) motion.

25         Likewise, the case law would support a Rule 12(b)(6)

1   motion on the state law claims of defamation and false light.

2   You, Your Honor, relinquished supplemental jurisdiction over

3   those claims.  They weren't taken up on appeal other than, you

4   know, I believe both parties probably preserved their rights on

5   the pleadings, plaintiffs to preserve pursuing those claims,

6   defendants to preserve a means to dismiss those claims.  But

7   that hasn't been resolved so there hasn't been the satisfaction

8   of Rule 8 by the plaintiff on those claims, and the Court

9   hasn't adjudicated it, neither Your Honor nor the

10  Seventh Circuit, on the official capacity claims for the First

11  Amendment retaliation or the defamation and false light claims.

12          So I understand Mr. Solon, he is suggesting we file a

13  Rule 12(c) motion, but we don't believe the defendants are in a

14  position to answer yet because we believe that the claims don't

15  satisfy Rule 8 and that we have a valid 12(b)(6) motion to

16  bring.  We never waived it, and the Court's not resolved those

17  arguments yet.  So our position would be to file a

18  Rule 12(b)(6) motion and set a briefing schedule on that.

19          And then as to this issue that Your Honor raised which

20  we mentioned in footnote 2 of our motion at Docket 74, on the

21  state law claims, I think I heard Mr. Solon and Mr. Vickrey

22  confirm that there is not a claim effectively against the

23  university for defamation and false light even though they

24  mentioned that they're agents of the entity as opposed to

25  employees, but at agency status that they're asserting wouldn't

1   bring it into a claim against the university for defamation or

2   false light and the relief they seek would be limited to the

3   individual capacity claim side.  That's how I understood it,

4   that that would be defendants' position on -- on those issues,

5   Your Honor.

6           THE COURT:  Okay.

7           MR. SOLON:  And the university, Your Honor -- Patrick

8   Solon here for plaintiff.

9           The university is not a party.  So, you know, they're

10  not a state court/state law defendant in the defamation count.

11  So...

12          THE COURT:  All right.  No, that's fine.  I'm sorry.

13  I'm just looking at the opinion quickly.

14          All right.  All right.  So I just wanted to look at

15  their -- how they address the retaliation in the opinion.

16          Okay.  So going back and looking at their opinion,

17  they did not address validity certainly with regard to the

18  state law claims.  I would say that they did not address that

19  other than to say because I declined to assert supplemental

20  jurisdiction over those claims that the validity or invalidity

21  of those claims remain an open question.  So they vacated the

22  dismissal for further consideration which I'm taking to mean I

23  should address those claims because they sent back the

24  retaliation claim.  And so that to me would allow the defendant

25  to raise any claims that they previously raised so that I could

1    address those in terms of a dismissal.

2            And with the Eleventh Amendment argument on the

3    retaliation claim, they did not address that in their opinion,

4    that argument in their opinion.  And I know that I in my -- I'm

5    just pulling it up -- is that I didn't -- if you look at

6    footnote 6 on page 16 of the opinion, that I didn't consider

7    those arguments because I dismissed it on the merits.

8            So I think what makes sense here so that we know what

9    the landscape is going forward is to kind of consolidate those

10   arguments that I did not consider and that the Seventh Circuit

11   did not consider but that had been raised and then issue an

12   opinion on those, see where we are and then go from there.

13           So when would defendants want to get their motion on

14   file?

15           MS. BABBITT:  May I have 28 days, Your Honor?

16           THE COURT:  So that would be August 5th.

17           Then would plaintiff want to file a response?

18           MR. SOLON:  Your Honor, Patrick Solon.

19           28 days also would be fine.

20           THE COURT:  Okay.  Why don't I give you 30 or so.  So

21   that puts you, given -- because otherwise it gets you until

22   right after Labor Day.  So why don't I give you until Friday,

23   September 5th.

24           And then when do defendants want to file their reply?

25           MS. BABBITT:  May we file our reply on September 26,

1    Your Honor?

2            THE COURT:  Sure.  All right.

3            And then I will have you back Wednesday the 17th of

4    December at 9:30 for a ruling on the motion to dismiss.  And my

5    understanding is that this will be -- this motion is limited to

6    arguments that the defendants raised previously in their motion

7    to dismiss but the Seventh Circuit did not address and that I

8    did not address in the opinion.  So it would be the sovereign

9    immunity argument with respect to the First Amendment

10   retaliation claim and then a dismissal of the state law claims.

11           MS. BABBITT:  Yes, Your Honor.

12           THE COURT:  Okay.  All right.  So we'll see everybody

13   in December then.

14           MS. BABBITT:  One other --

15           MR. SOLON:  Your Honor, Patrick --

16       (Unreportable crosstalk.)

17           MS. BABBITT:  We -- the defendants --

18           MR. SOLON:  Defendants go first.

19           Go ahead.

20           MS. BABBITT:  Sorry.  Thank you.  Elizabeth Babbitt on

21   behalf of defendants.

22           Your Honor, one issue that I think is perhaps on the

23   table, defendants would move to stay discovery pending

24   resolution of that motion to dismiss in order to avoid

25   piecemeal discovery which Your Honor previously granted a stay

1   for the same reasons because depending on where we go with

2   these state law claims, the scope of discovery can be pretty

3   different.  There may be deponents who would need to be deposed

4   more than once depending on what remains in play after the

5   Court resolves the Rule 12 motion.  We're happy to file a

6   written motion to stay discovery, but we wanted to raise it for

7   Your Honor if that was something you could address now.

8               THE COURT:  Yeah.  So my --

9               MR. SOLON:  Your Honor, Patrick Solon.

10              THE COURT:  Go ahead.

11              MR. SOLON:  Yeah.  Your Honor, I -- we would ask -- we

12  don't agree that -- that these limited partial arguments that

13  they're now making, you know, one about injunctive relief, the

14  Eleventh Amendment argument, and, you know, the defamation

15  which are, you know, statements made as part of the same course

16  of facts as the retaliation case, that they meaningfully affect

17  the scope of discovery and certainly not document discovery.

18  So we would ask at least that we be able to do document --

19  interrogatories can wait.  But we would like to do document

20  requests at least, the scope of which isn't going to be

21  affected at all by, you know, even if their motion were fully

22  granted.

23              THE COURT:  Ms. Babbitt, what's your --

24          (Unreportable crosstalk.)

25              MR. SOLON:  The case is three years old.

1      MS. BABBITT:  Yes.  Your Honor, I would disagree with

2  that.  I do think depending on, you know, the claims set out in

3  the defamation -- rather, the allegations set out in the

4  defamation count and the false light count, I mean, it would

5  involve additional parties, you know, additional elements, not

6  just, you know, whether or not there was First Amendment

7  retaliation but getting into, you know, proving the veracity of

8  statements.  You know, he -- he alleges that he was defamed by

9  using racial slurs and that he was defamed because he was

10  accused of being guilty of race-based harassment of students.

11  And I think getting into proving, you know, the truth or the

12  falsity of those statements relative to the defamation and

13  false light claims, that would be a significant departure in

14  what would be I think rather limited on this First Amendment

15  retaliation and -- and the purpose and then the -- the --

16  the -- reason for which he would maintain he was retaliated

17  against.  So I do think it -- it would put us on a different

18  path, and it would also require duplicative discovery and a lot

19  of elements.

20      THE COURT:  Well, except it would --

21      MR. VICKREY:  Your Honor, Paul Vickrey.

22      THE COURT:  What I'm hearing -- what I'm hearing the

23  plaintiff say is that they're willing to -- what they're asking

24  for simply is document requests to at least get that piece

25  started and that they hold off on interrogatories and

1    depositions until you get a ruling from me on the scope of the

2    case.

3            MS. BABBITT:  Your Honor --

4            MR. VICKREY:  Paul Vickrey --

5        (Unreportable crosstalk.)

6            MR. VICKREY:  Your Honor, may I be heard very briefly?

7    Paul Vickrey.

8            Yes.  We're -- this is -- this is -- the universe of

9    documents, you know, are relevant to all of the claims.  We're

10   talking about the investigative file.  We're talking about the

11   communications, the e-mails, all of that.  It's -- we're not

12   getting into depositions.  We're not getting into -- you know,

13   other than the UIC universe of documents about this

14   investigation, about the communications concerning the

15   investigation and findings, those e-mails, it's a -- it's a

16   limited universe of documents.  And, again, this is a

17   three-year-old case, and so we believe that it's time to turn

18   those documents over.

19           THE COURT:  All right.  So I think, Ms. Babbitt, that,

20   you know, that is -- it's a reasonable compromise to at least

21   start the document production, and we'll hold off on

22   interrogatories and any depositions until we have a better idea

23   of what the claims are and the scope of the claims going

24   forward, but that in any event, you know, the investigative

25   file would be relevant no matter what.

1      So I'll allow limited discovery for document

2 requests --

3          MS. BABBITT:  Elizabeth Babbitt, Your Honor.

4          THE COURT:  -- and --

5          MS. BABBITT:  Oh, I'm sorry.

6          THE COURT:  So it will be, Ms. Johnson, limited

7 discovery allowed for document requests and production, during

8 the pendency of the motion to dismiss briefing and ruling.

9          All right.  Go ahead, Ms. Babbitt.

10         MS. BABBITT:  Sorry, Your Honor.

11         Just to clarify that limited discovery would be

12 related just to the -- and I understand your point relative to

13 the investigation materials or those sorts of files.  But just

14 to be clear, the order would provide that the discovery is

15 limited to the individual capacity First Amendment retaliation

16 claim?

17         MR. VICKREY:  Your Honor, Paul Vickrey.

18         Just to be clear, we are -- we are going to -- in the

19 initial document requests, we will be seeking the entirety of

20 the investigative file, but these defendants' communications or

21 notes relating to either the investigation or to Professor

22 Kilborn.  So -- so it's -- it's not only just the investigative

23 file but these defendants' communications concerning the

24 investigation and/or Kilborn.  Very limited universe of

25 documents.

1    THE COURT:  And that's fine.  And I think we have an

2    understanding as to the scope of the retaliation claim as it

3    exists now and what defendants are going to get back that,

4    yeah, you can ask for e-mail communications.  You can ask for

5    notes.  You can ask for the investigative file.  And we can get

6    that started, and then we can kind of go from there.

7        If it -- Ms. Babbitt, if you feel like, you know, it's

8    getting excessive or beyond what we've discussed, you can come

9    back and let me know.  But I think, you know, it's a reasonable

10   compromise to at least get those started and, you know, the

11   case isn't going to go away completely no matter how I rule.

12       MS. BABBITT:  Understood, Your Honor.

13       Is this reciprocal?

14       THE COURT:  Yes.

15       MS. BABBITT:  In other words, defendants are also

16   permitted to issue -- okay.  Thank you.

17       THE COURT:  Yes.

18       Okay.  All right.  We'll see everybody in December.

19       MS. BABBITT:  Thank you, Your Honor.

20       UNIDENTIFIED SPEAKER:  Thank you, Your Honor.

21   (Concluded at 10:15 a.m.)

22

23

24

25

1

2                    *   *   *   *   *

3          I certify that the foregoing is a correct transcript, to
   the extent possible, of the record of proceedings in the
4  above-entitled matter given the limitations of conducting
   proceedings via telephone.
5
   /s/ KELLY M. FITZGERALD                    July 16, 2025
6  KELLY M. FITZGERALD, RPR, RMR, CRR
   Official Court Reporter
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25